(80 South. 672)

No. 21635.

## POUNS v. CITIZENS' FIRE INS. CO.

(Jan. 6, 1919.   Rehearing Denied Feb. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. INSURANCE ☞335(2)—FIRE INSURANCE—INVENTORY.

An inventory of the stock of a country store with which a fire insurer's agent was satisfied, though consisting mostly of full barrels, cases, and dozens, *held* a compliance with the clause of the policy requiring inventory.

2. INSURANCE ☞335(3)—FIRE INSURANCE—KEEPING BOOKS—FILE OF INVOICES.

File of invoices kept by the owner of a country store insured against fire *held* to answer all the purposes of a merchandise account for showing what merchandise had been purchased, certainly for so short a time as the little over a month that elapsed from date of inventory under the policy to the date of the fire, so that such file of invoices complied to that extent with the policy's requirement of a set of books showing business transactions.

3. INSURANCE ☞335(3)—FIRE INSURANCE—METHOD OF ACCOUNTING.            •

Practice of owner of country store to put in cash drawer price of credit sale when collected, and to enter at end of each day contents of such drawer in cashbook, *held* not prejudicial to his

fire insurer, not having effect to show that less goods were sold than appeared from books.

4. INSURANCE ☞335(3)—FIRE INSURANCE—METHOD OF HANDLING CASH—NONPREJUDICIAL CHARACTER.

Practice of owner of country store to transfer cash from cash drawer to sack and to pay all expenses from such sack *held* not prejudicial to the fire insurer.

5. INSURANCE ☞335(3)—FIRE INSURANCE—DEPLETION OF STOCK.

Where fire in country store occurred but little over a month after inventory was made under fire policy covering stock, fact that goods had been taken from store for use of owner's family, and no entry made in books, it being safe to assume goods were groceries, did not materially prejudice insurer.

6. INSURANCE ☞602—FIRE INSURANCE—UNJUSTIFIED REFUSAL TO PAY LOSS—STATUTE.

Where fire insurer's refusal to pay a loss was unjustified, the penalty of Act No. 168 of 1908 must be imposed in insured's suit on the policy.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; James Andrews, Judge.

Suit by J. L. Pouns against the Citizens' Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Judgment amended and affirmed.

J. S. Atkinson, of Shreveport, and Hundley & Hawthorn, of Alexandria, for appellant.

Blackman, Overton & Dawkins, of Alexandria, for appellee.

PROVOSTY, J. This suit is on a fire policy covering a country store building and contents. The defense is that the insured did not comply with the so-called "iron safe clause," requiring an inventory to be made within 30 days, if one has not already been made, and a set of books to be kept showing a record of the business transactions, including all purchases, sales and shipments.

The fire occurred on the twenty-first day after the issuance of the policy. This early occurrence would have been suspicious if for taking out the policy plaintiff had sought

out the company instead of the company having sought out plaintiff. No fraud is charged; and none was intimated in the course of the trial below.

[1] An inventory had been made 18 days before the issuance of the policy. It was shown to the agent of defendant, who was satisfied with it. Learned counsel for defendant now criticize it because consisting mostly of full barrels, cases, and dozens instead of partly emptied barrels, and broken cases and dozens, as might be expected of the stock of a country store; but, such as it was, it had been made in good faith; and since it was good enough for the issuance of the policy and the payment of the premium, it ought to be good enough for the settlement of the loss.

[2] Plaintiff kept a daybook, ledger, and cashbook. He kept no merchandise account, but preserved the invoices. We do not see why a file of the invoices, if no suspicion attaches, should not answer all the purposes of a merchandise account in a small country store for showing what merchandise has been purchased; and this is all the information a merchandise account could furnish. At any rate, for covering so short a space of time as that involved in this case, from November 1st, date of the inventory, to December 9, date of the fire. Invoices thus preserved have been held sufficient to answer for an inventory. Ruffner Bros. v. Dutchess Ins. Co., 59 W. Va. 432, 53 S. E. 943, 115 Am. St. Rep. 924, 8 Ann. Cas. 866.

[3] Whenever the price of a credit sale was collected it would be put in the cash drawer. At the end of each day the contents of this drawer would be entered in the cashbook. This mode of proceeding did not have the effect of showing that less goods were sold than appeared from the books; hence it could not have been prejudicial to the defendant company.

[4] The cash would be transferred from the cash drawer to a sack, and all expenses would be paid out of this sack. This, too, could not have been prejudicial to the defendant company.

[5] The two experts appointed by the court, one of whom was the adjuster employed by the defendant company for adjusting the loss, had no difficulty in arriving at the amount of the loss from the books and agreeing upon it, provided the inventory was accepted as a starting point. Were it not for the fact that an agreement was thus easily reached, we should be disposed to attach importance to a feature of the case which the plaintiff's learned counsel seem to have treated as negligible. Plaintiff testified that "goods" were taken from the store "for the use of the family," and no entry made thereof in the books. He did not say what goods were thus taken, nor what they probably amounted to; he was not further questioned on the subject; and in the brief filed in his behalf the matter is not referred to. The family consisted of himself, his wife, and a boy clerk. It is safe to assume that the "goods" in question were groceries; and, since the time to be covered is only one month and nine days, that they could not have been sufficient to have depleted materially the stock which is found from the inventory and the books to have amounted on the day of the fire to $2,449.23.

[6] The learned trial judge condemned defendant to pay the loss, but did not impose the penalty provided for by Act 168, p. 226, of 1908. As the refusal to pay was unjustifiable, the penalty must be imposed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to condemn the defendant company to pay to plaintiff, by way of statutory damages, 12 per cent. on the amount of the judgment, and $250 for attorney's fees, and that it be otherwise affirmed, and that the defendant pay the costs of the suit.

DAWKINS, J., takes no part.