144 So. 716

**JENNESS v. FIDELITY UNION FIRE INS. CO.**

No. 31658.

Oct. 31, 1932.

Rehearing Denied Nov. 28, 1932.

John C. Hollingsworth, of New Orleans, and Ben E. Coleman, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

OVERTON, J.

This is an appeal from a judgment, rendered in a fire insurance case, for $2,000, the amount of the policy, plus 12 per cent. statutory penalty on the $2,000, and plus 20 per cent. of the principal amount of the judgment, as attorney's fees, with 5 per cent. per annum interest on all amounts from judicial demand until paid.

The policy, on which the suit rests, is one written for $2,000 by defendant on November 12, 1930, on a Tricho special X-ray machine, while in a one-story, shingle roof, frame dwelling, in Shreveport. The building was destroyed by fire on February 12, 1931, and with it the machine.

The defense is an exception of no cause of action, an exception of prematurity, and, upon these being overruled, a defense that the proof of loss was not received until the day before suit was filed, which deprived defendant of the opportunity to act upon the proof properly and to submit the differences between plaintiff and defendant to arbitration, in accordance with the terms of the policy, and, moreover, a defense, due to the frequent absence of defendant from the city of Shreveport, between the date of the fire and the date of the proof of loss, which interfered with and prevented an adjustment of the loss, and finally a denial that the machine was worth the amount claimed by plaintiff.

The exception of no cause of action and of prematurity apparently rest upon the same ground; namely, that suit was filed within the sixty-day period prescribed by law for adjusting and settling the loss. This ground properly comes within the exception of prematurity, and not the exception of no cause of action. Plaintiff alleges, and, in fact, the proof shows, that demand was made by him for proper forms of proof of loss, sixty full days before suit was filed, and that these forms were refused. This refusal constituted a waiver of proof of loss. Thompson v. State Assur. Co., 160 La. 683, 107 So. 489; Act No. 168 of 1908. The fact, which appears, that plaintiff, near the close of the sixty-day period, secured, in some way, a form for proof of loss, filled it out and mailed it to defendant, did not constitute a waiver of the failure to furnish forms for such proof when demanded. The mailing of the proof, after the refusal to furnish forms, was merely a precautionary measure. Young v. Pennsylvania Fire Insurance Co., 269 Mo. 1, 187 S. W. 856; Wallin v. Massachusetts Bonding & Insurance Co., 152 Wash. 272, 277 P. 999; 33 C. J. p. 22, § 678.

Since defendant waived the proof of loss sixty days or more before suit was filed, the defense that it had no opportunity to consider properly the proof of loss or to submit differences arising to arbitration is without merit, and falls of its own weight. We observe, in the record, no effort made to arbitrate. The defense that an adjustment of the loss was prevented by the frequent absence of defendant from Shreveport, whatever it may be worth, is not established.

As to the value of the machine at the time of the fire, it may be observed that the

machine was adapted to removing surplus hair from the human body and also to general therapeutic work. It was of special make, and had attached to it accessories to adapt it better to the removal of hair, for which purpose plaintiff used it. It cost $4,500 cash three and one-half years before its destruction. At the time of its destruction, it had been stored in Shreveport for three or four months in plaintiff's dwelling. Prior to that, plaintiff had used it in Dallas, Tex., where he had been engaged in the business of removing surplus hair, but which point he had left, due to the decline of business by the gradual exhaustion of its source; that is, the decline in number of those desiring surplus hair removed. It was plaintiff's intention to open an office at Houston, Tex., when the machine was destroyed. Such machines last from fifteen to twenty years. The X-ray method of removing hair is condemned by the medical fraternity as fraught with danger, and this is pointed out as decreasing or destroying the value of the machine. However, the machine was valuable, it appears, in trained hands, for other purposes, and was by no means confined to the removal of hair in its general use. It would have cost $4,500 to replace it. Such machines are salable. While the use of the machine for the removal of hair, in the hands of the vendee, is confined, by the contract of sale, to a defined territory, nevertheless the machine has value, and we are not prepared to hold that there was error in the finding of the court allowing plaintiff the full amount of the policy, which represents, we think, much less than the value of the machine.

Since defendant did not pay the amount of the loss, covered by the policy, within sixty days from the date of the waiver of proof, although payment was demanded, and, in fact, made no effort to do so, it is liable, there being no justification for the failure, for 12 per cent. statutory damages and for reasonable attorney's fees. Section 3, Act No. 168 of 1908; Pouns v. Citizens' Fire Ins. Co., 144 La. 497, 80 So. 672. The 12 per cent. damages were therefore properly allowed. The attorney's fee of 20 per cent. or $400, as disclosed by the record, was also properly allowed.

Our examination of the judgment appealed from fails to disclose that the lower court allowed 12.5 per cent. statutory damages instead of 12 per cent.

The judgment is affirmed.